Judge Hitchcock
delivered the opinion of the court:
The object of this scire facias is to revive a dormant judgment, and to revive it against the heirs of the judgment debtor, in favor of the administrator of the judgment creditor. In the shape now presented, it is somewhat of a novel proceeding, and is intended to be in pursuance of a provision in the practice act of 1831, which, *215 it is believed, has never received a construction, and which we have found it somewhat difficult to construe.
By section 37 of the “ act regulating judgments and executions,” passed February 1,1822 (2 Chase’s Stat. 1822), provision was made that where there were unsatisfied judgments against a testator or intestate, or against their executors or administrators, the judgment creditor might, at any time within five years after the rendition of those judgments, have a scire facias issued against the heirs of the judgment debtor, provided those heirs held land by descent. The object of this provision manifestly was to subject the lands of a deceased person to execution. This law was repealed by an act having the same title, passed February 4, 1824 (2 Chase’s Stat. 1297), but this latter act contained substantially, if not literally, the same provision. It was under this law that the case of McVickers v. Ludlow’s Heirs, 2 Ohio, 246, and the case of the Union Bank of Georgetown v. Adm’rx and Heirs of Meigs, 5 Ohio, 312, were decided. This act was repealed by the “ act regulating judgments and executions,” passed March 1, 1831 (29 Ohio L. 101), and this particular provision was not reenacted. But, at the same session of the legislature, the “ act regulating the practice of the judicial courts,” was revised (29 Ohio L. 58), and the provisions introduced, in pursuance of which this action is brought.
In section 85 of this act (29 Ohio L. 74), it is enacted that if execution is not taken out on any judgment within five years *after judgment rendered, such judgment shall become dormant, and shall cease to operate as a lien upon the estate of the judgment debtor. In section 86, “that if said judgment still remain unsatisfied, it shall be lawful for the plaintiff, his heirs, executors, or administrators, to bring and maintain an action of debt on such dormant judgment against the defendant therein, his heirs, executors, or administrators; or such plaintiff, his heirs, executors, or administrators, may, at his or their discretion, revive, by writ of scire facias, sued out of “ the court rendering such judgment, or from the court having the power to award execution thereon, any such judgment remaining unsatisfied, and have execution thereof, against the defendant, his heirs, executors, or administrators.” This section is but a continuation of the preceding laws for reviving dormant judgments. It contains no new provision. It seems to contemplate that a judgment may be re *216 vived against heirs, but the practice under it has been to revive in personal actions against personal representatives.
Section 89 is in continuation of the same subject, but nothing ^like it has before been enacted in the state. It is in these words, “that if either the plaintiff or defendant shall have died, after fetal judgment, and before satisfaction thereof, it shall, or may, be lawful, for the plaintiff, or if he shall have died, then his representatives, real or personal, as the case may require, to cause the defendant, or if he shall have died, then his representatives, real or personal, as the case may require, to be made a party to such judgment, by writ or writs of scire facias, to be issued, served, and returned in the same manner that a summons may be issued, served, and returned, by law; and such judgment may be rendered, and execution awarded in the premises, as might, or ought to be given, or awarded, against the representatives, real and personal, of a deceased party, in other cases.”
In this section, the words 11 heirs,” “ executors,” “ administrators,” are dropped, and the-words 11 representatives, real and personal,*' introduced ; but I am nott aware that there is any substantial difference between sections 86 and 89, except that one relates to dormant judgments, the other to judgments not dormant; and, in giving a construction, tho two may be well taken together. The judgment may be revived, in favor of or against the “ representatives, real or personal, as the case may require.” It would be an obvious construction, to hold that the revival is to be limited to personal representatives, where the judgment is in the personalty, and to real, where it is in the *realty. And we should undoubtedly take this to be the meaning, were it not that by section 86, the election is given to bring an action of debt, or to revive by scire facias. The action of debt can not be founded upon a judgment in the realty.
But has the plaintiff a right to proceed against the real or personal representative at his election? Taking section 86 by itself, and giving it a literal construction, I see nothing to prevent him. This, however, could never have been the intention of the legislature. By our law, the lands of a deceased person may, when the circumstances of the case require it, be made assets in the hands of personal representatives for the payment of debts. Even those which are incumbered by judgment, may be sold by an administrator under an order of court, without any other restriction *217 than that the avails' shall bo first applied to the satisfaction of the judgment. If an estate is not sufficient to pay all its creditors, the debts are to be paid in a ratable proportion. It can not be supposed that the legislature intended to interfere - with these principles. But if a judgment creditor can at once proceed against the real representatives, they would be in a great measure defeated. By recurring to section 89, we find that the proceeding to revive shall be against “ the representative, real or personal, as the case may requireThe question then arises, under what circumstances does the “ case require” that the proceeding shall be instituted against one, under what circumstances against the other of these representatives? If the judgment is in the realty, it must unquestionably be against the real representatives. But if in the personalty, then against either, “ as the case m.ay require Confining my attention to this act alone, I am free to say that I do not see how a satisfactory answer can be given to the question last propounded. But by turning to another law, passed at the same session of the legislature, which must have been at the same time under consideration, and which, in part at least, is upon the same subject, the difficulty is solved. I refer to the “ act regulating the duties of executors, and administrators,” passed March 12, 1831. 29 Ohio L. 229.
This act is a revision or compilation of the former laws on the same subject, and contains also some new provisions. Section 42 provides that, “ at the expiration of five years from and after the decease of any person, if the executor or administrator of such decedent shall have made final settlement with the court, and if not then, so soon as such final settlement shall be made, all lien upon the real estate of such decedent for the ^payment of any claim against his or her estate, not presen ted to such executor or administrator before such final settlement, should cease and determine,” etc. Then follows the next section, in these words. “ That- nothing in the preceding section contained shall impair the personal liability of heirs and devisees for the payment of any claim against the estate of their ancestor or devisor; but such heirs and devisees shall remain liable to the full extent of the assets by them received from the estate of their ancestor or devisor, for the payment’of all claims against the estate of such ancestor or devisor; and any suit which could be brought or sustained against such ancestor or devisor, were he alive, may be *218 brought and sustained against such heirs and devisees, after the executor or administrator of the ancestor or devisor shall have made final settlement with the court, until the assets so received by said heirs and devisees shall be exhausted.” Taking this section of the law regulating the duties of executors or administrators, in connection with the sections of the practice act before considered, and there seems to be a good and substantial reason for the provision contained in these latter sections, and there certainly can be no impropriety in thus considering them. They were simultaneously before the general assembly, and constitute parts of one and the same system. One law was signed on the 8th, and the other on the 12th of March; and taking all these provisions together, there is no difficulty of construction. If, after the death of a judgment debtor, the judgment creditor must revive his judgment, he must proceed against the personal representative, if there be one. But where there is no longer any personal representative, then he may proceed against the real representatives, and these latter will be liable to the extent of assets descended. Or, in the language of the statute, he may proceed against one or the other, “ as the case may be,” or, in other words, as the case may require.
If the proceedings are against the real representatives, what ought to be shown in the scire facias? Undoubtedly it ought to appear that there are no personal representatives, or that those appointed have made their final settlement with the court; and it ought further to appear, that assets have descended whereby the heirs can, with propriety, be charged with the payment of the judgment. None of these things appearing in the present scire facias, it is defective, and the demurrer must be sustained. If, however, the plaintiff thinks he can make a case, he may take leave to amend, upon the payment of costs.